# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA D. HAYWOOD, <br>                             Petitioner, <br> v. <br> SAN DIEGO COUNTY SHERIFF, <br>                             Respondent. | Case No.: 18cv2579 CAB (RBM) <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has not paid the $5.00 filing fee and has not filed a motion to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

## **ABSTENTION**

In any event, the Petition must be dismissed because it is clear that this Court is barred from consideration of the claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id*. at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)

(*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. At the time Petitioner filed the instant Petition, she admits that she has yet to receive a decision on her direct appeal to the California Court of Appeal. (*See* Pet., ECF No. 1 at 2.) Thus Petitioner's criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve important state interests.

Finally, Petitioner has failed to show that she has not been afforded an adequate opportunity to raise the federal issues on direct appeal. Petitioner offers nothing to support a contention that the state courts do not provide her an adequate opportunity to raise her claims, and this Court specifically rejects such an argument. Indeed, Petitioner's claims of double jeopardy, errors in jury instructions, violation of her right to represent herself, etc., are the just type of claims that the state courts provide an opportunity to raise on direct appeal. In addition, Petitioner claims she currently has an appeal pending in state court. (*Id.*) Abstention is therefore required. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (*Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")

Because Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings, her Petition is **DISMISSED** without prejudice. *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action.)

**IT IS SO ORDERED.**

Dated: November 19, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge